UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JASON HINES | ) | |
| | ) | 1:07-cv-183\1:02-cr-215 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Jason Hines ("Hines") filed a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 161).[1] Hines contends his sentence violated the Sixth Amendment and his counsel was ineffective for failing to raise the Sixth Amendment claims on appeal and at the resentencing hearing.

Having reviewed the materials thus submitted, together with the record of the underlying criminal case, the Court finds they show conclusively Hines is not entitled to relief on the claims asserted; thus, an evidentiary hearing is not needed in this matter. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). Accordingly, the Court will decide the matter and explain the reasons Hines's asserted grounds for relief are without merit. Rule 8(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

**I.    BACKGROUND**

   **A.    Procedural History**

Hines was indicted on December 10, 2002, along with numerous coconspirators, on the charge of conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C.

---

[1]Unless otherwise noted, all citations to the docket are to the criminal case, No. 1:02-cr-215.

§§ 846 and 841(a)(1) and (b)(1)(A) (Court File No. 2). He was released on bond until the jury returned a guilty verdict on July 31, 2003 (Court File Nos. 9, 100).

At sentencing, the Court determined Hines was accountable for 14.5152 kilograms of methamphetamine during the course of the conspiracy, which established a base offense level of 36 (Presentence Investigation Report ("PSR") ¶ 26). The Court also found Hines was subject to a two-level firearm enhancement for having guns present at drug transactions (PSR ¶ 27). At his sentencing hearing, Hines objected to the calculation of the amount of drugs and the gun enhancement. The Court denied the objections and Hines was sentenced to 235 months of incarceration and five years of supervised release (Court File No. 125).

Hines appealed, alleging various trial and sentencing errors. *Blakely v. Washington*, 542 U.S. 296 (2004), was issued after the conclusion of briefing and Hines's counsel submitted an additional brief, seeking resentencing pursuant to that opinion. *United States v. Booker*, 543 U.S. 220 (2005), was also issued and counsel submitted briefing on that opinion as well. The Court of Appeals for the Sixth Circuit affirmed Hines's conviction and, although the court affirmed the factual findings at sentencing, vacated and remanded his sentence in light of the *Booker* decision. *United States v. Hines*, 398 F.3d 713, 720 (6th Cir. 2005) ("Although the district court's factual findings are supported by the record, Hines is nonetheless entitled to re-sentencing under *Booker*."). On remand, the Court used the same United States Sentencing Guidelines ("USSG" or "Guidelines") calculations and resentenced Hines to 235 months of imprisonment and five years of supervised release (Court File No. 154).

Hines appealed his sentence again, arguing his sentence was unreasonable. The Sixth Circuit affirmed, concluding the district court's factual findings were supported by the record, the guidelines

range was correctly calculated, and the sentence was reasonable (Court File No. 159). On July 23, 2007, Hines filed this timely § 2255 motion (Court File No. 161).

**B.     Factual Background**

Hines was involved in a large conspiracy to distribute methamphetamine in the Chattanooga and North Georgia areas. James "Red" Fowler ("Fowler"), Hines's brother-in-law, was a major distributor of methamphetamine and testified he had been involved in drug distribution with Hines for about two years prior to Fowler's arrest. According to Fowler, Hines would sell him about one to two pounds of methamphetamine at a time.

When Fowler became concerned he was being investigated by law enforcement, he referred his customers to Hines and some Mexican contacts who were suppliers of methamphetamine. Gary Jenkins was one of Fowler's customers who were referred to Hines, and he testified he bought methamphetamine from Hines at least eight times over about a year and a half. Kelly Horton ("Horton") testified he purchased about four ounces from Hines and Hines showed Horton several guns in Hines's trailer. Christy Morelock testified she would go to Hines's trailer on behalf of Fowler to pick up quantities of methamphetamine and she assisted Fowler and Hines in counting money for payments to Hines. Salvador Canchola ("Canchola") testified he supplied drugs to Fowler and was introduced to Hines, who acted as a middleman for Fowler after Fowler was arrested. According to Canchola, he delivered at least 20 pounds of methamphetamine to Hines.

The PSR determined a total of about 32 pounds and 4 ounces were purchased from Hines by Fowler, Gary Jenkins, and Horton. In addition, Hines bought at least 20 pounds from Canchola. Using the higher number, the PSR attributed Hines with 32 pounds of methamphetamine over the course of the conspiracy.

## II. STANDARD OF REVIEW

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. Under Rule 8(a) of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to review the answer, any transcripts, and records of prior proceedings and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959), *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a nonconstitutional

error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

## III. ANALYSIS

Relying on Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Hines argues his sentence was unconstitutional because the Court relied on facts not found by the jury to increase his sentence. He also contends his counsel was ineffective in failing to raise these claims at his resentencing hearing and on his direct appeals. Because neither *Blakely* nor *Apprendi* establishes Hines's sentence is unconstitutional, both arguments fail and Hines is not entitled to relief.

### A. Sentence

Hines asserts his sentence violated the Sixth Amendment because the Court made factual findings outside what was determined by the jury verdict. He contends he should have been sentenced based on the jury verdict alone and the use of a higher drug amount and the application of the enhancement for possession of a firearm was unconstitutional.

In *Apprendi*, the Supreme Court held facts that increase the penalty for a crime beyond the statutory maximum must be included in the indictment and proven beyond a reasonable doubt. 530 U.S. at 490. Hines was convicted of count one of the indictment, a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), which established a statutory maximum of life imprisonment. Although the facts found by a preponderance of the evidence increased Hines's Guidelines range, they did not

5

raise his sentence beyond the statutory maximum of life imprisonment. Thus, the sentence imposed did not violate Hines's constitutional rights as defined by *Apprendi*.

In *Blakely*, the Supreme Court clarified that the prescribed statutory maximum is based solely on facts reflected in a jury verdict or admitted in a defendant's guilty plea. 542 U.S. at 303. Hines's *Blakely* claim is now governed by *United States v. Booker*, 543 U.S. 220 (2005). *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). *Booker* reaffirmed *Blakely* by holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. Hines's claim fails for the same reason Hines's *Apprendi* claim failed. Life imprisonment is the maximum sentence authorized by the facts proved to jury beyond a reasonable doubt in Hines's case. In addition, pursuant to *Booker*, the Court treated the Guidelines as advisory when resentencing Hines. *See Booker*, 543 U.S. at 233 ("If the Guidelines as written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment."). The Court could properly enhance Hines's advisory Guidelines range because his resulting sentence did not exceed the statutory maximum.

Furthermore, the issue of whether the Court could make factual findings to increase Hines's sentence was raised and decided on direct appeal. The Sixth Circuit affirmed the findings, remanding only so Hines could be sentenced under the advisory Guidelines. *Hines*, 398 F.3d at 720-21 ("Remand is the only appropriate way, in this case, to allow the parties to argue for the exercise of the district court's discretion as authorized by *Booker*."). "Absent exceptional circumstances, or

6

an intervening change in the case law," Hines cannot relitigate the issue through a § 2255 motion. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999).

Since the Court followed both *Apprendi* and *Booker* in sentencing Hines, his sentence was not unconstitutional and he is not entitled to relief under § 2255.

**B.     Ineffective Assistance of Counsel**

Hines contends the assistance of his counsel was ineffective, both on his appeal and his resentencing, based on the same reasons he contends his sentence was unconstitutional.

Ineffective assistance of counsel rises to a constitutional violation where (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and (2) "counsel's deficiency so prejudiced the defense that there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different." *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004) (citing *Strickland*, 466 U.S. at 694). Failure to raise an issue on appeal is only ineffective assistance "if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Id.*

As discussed above, the factual findings made by the Court did not violate the Sixth Amendment. Thus, Hines cannot show the results of his resentencing or his appeals would have been different had his defense counsel raised the constitutional argument. In addition, counsel did raise the issue on appeal and the Sixth Circuit determined the factual findings were not unconstitutional under *Apprendi*. *Hines*, 398 F.3d at 720-21. Since the issue was foreclosed by the opinion on direct appeal and Sixth Circuit remand was limited to resentencing under *Booker*, it would have been fruitless to argue the Sixth Amendment issue before the Court at the resentencing

7

hearing.

Hines has shown neither error on the part of counsel nor prejudice. As such, he is not entitled to relief.

**IV.      CONCLUSION**

For the reasons stated above, Hines is not entitled to any relief under 28 U.S.C. § 2255 as his sentence does not violate the Constitution or laws of the United States. Accordingly, Hines's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**